*Court of Quarter Sessions, Dauphin County, December 16th, 1853.*

IN THE MATTER OF THE ROAD FROM THE SUSQUEHANNA RIVER TO LINGLESTOWN, AND VACATING A PART THEREOF.

Notice of a view to open or vacate a road is only necessary to an adjoining property-owner, when his land is affected thereby ; if he is actually present at the view, no notice is necessary. The viewers have not the power to vacate a road which is the terminus of another public road.

BY THE COURT.—The first exception to the report is, that John W. Cowden, who owns land adjoining a portion of the road vacated, had no notice of the view. It seems, from the evidence before us, that at one of the termini of the road asked to be vacated Cowden owned a farm. The road vacated and the one laid out commence precisely at the corner of his land in a public highway. His soil is not touched in any manner by either road, which terminate just as they reach his corner. Therefore it may admit of great doubt as to whether he was entitled to notice. There may be cases where a man might be seriously affected by the vacation or laying out of a road directly along his line, although his land is not touched by it; as where, in a former case, his means of exit was impeded; or in the latter, his privacy intruded upon: in these cases he would be entitled to notice under our rules, although the road did not " pass through his land ;" but this is not such a case. The road vacated and the one laid out commence precisely at Cowden's corner, and so far as he is concerned, there is no change thereof. He is not affected in the least by the alteration, except in common with the public. Besides, he had notice, and attended the view ; he *was present*, which is all that is required. He could make his objection as fully as though he had received a week's notice. His case does not come within the words of the rule of court. He is not a " person through whose land the road passes," and he does not come within the *equity* of the rule, as his property is not affected by the change, and he was actually present, which the Supreme Court says is all that is required. 17 S. & R. 388. The second exception is of a more serious character. It seems that a public road intersects the one vacated at right angles, and has no other terminus. The new road laid out passes at a distance of twenty-six perches from the end of this road, and if the viewers have the power to vacate the old one under these circumstances, they will have a public highway terminating at the one end against a fence or in the woods. This is certainly an event never contemplated by the framers of our laws ; for although the act of Assembly is general in its expressions, that the viewers may change or vacate the whole, or any part of a public or private road laid out by the authority of law, whenever the same shall become useless, incon-

[In the matter of the Road from the Susquehanna River to Linglestown, and vacating a part thereof.]

venient, and burdensome; and where a part only of the road is vacated, supply its place with a new one; yet care has been taken to provide that the road vacated shall not be closed until the new one is opened, so that the public shall not be put to inconvenience. In the present instance we consider that the viewers had the most conclusive evidence before them that the old road was not useless and inconvenient; for although it might be so in regard to the one proposed to be vacated and supplied, yet it was not so as respects the intersecting road. It was indispensable to its termination, and this subject should have been considered by the viewers. It admits of serious question whether this cross-road would not cease to be a public highway and assume the character of a new private road, as it does not appear to have any public terminus when the old road is vacated. Such appears to have been the reasoning of the court in several reported cases, particularly in 1 Jones, 186; 9 S. & R. 35. If such is the effect, the viewers, by their action, have changed or vacated a road over which the order gave them no authority. If we had the power, under the 24th section of the Road Laws, to make an order that this road should not be closed until provision was made for extending the "M. B. Cowden road" to the new one laid out, the change might be unobjectionable; but that section of the act evidently contemplates keeping open the old road merely until the one made to supply its place can be opened, not until there shall be a view to extend the other road into it. We are aware that there may be inconvenience in the determination that no public road can be vacated, where the same is intersected by other highways, without providing for a change in them also. But on the whole we think that the community will suffer less from such a decision than by one which enables viewers to vacate a road which is intersected by, or is the terminus of numerous others. Possibly the difficulty might be met by authorizing the viewers, in the order, in case of vacation or change, to extend the line of the intersecting roads to the new one laid out. Perhaps that may exceed the power of the court under the Road Law, and require further legislation; but we cannot permit a road to be vacated and changed under the circumstances established in this case. Therefore the report of the viewers must be set aside.